**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LAVAUGHN LEWIS,**

    **Petitioner,**

    **v.**                                               **Case No. 04-3019-JWL**

**RAY ROBERTS, Warden of El Dorado
Correctional Facility, and PHIL KLINE,
Attorney General of the State of Kansas,**

    **Respondents.**

_____

**ORDER**

On January 25, 2005, the court entered judgment denying petitioner LaVaughn Lewis's petition for habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on petitioner's motion for a certificate of appealability (doc. 27). To obtain a COA, Mr. Lewis must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) and (2). "To do so, Petitioner must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Shipley v. Oklahoma*, 313 F.3d 1249, 1250-51 (10th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In Mr. Lewis's petition, he sought habeas relief on the grounds that he received constitutionally ineffective assistance from his trial counsel because his attorney failed to present expert testimony on child interviewing techniques. In denying petitioner relief, the

court found that the record, briefs, and pleadings clearly establish that Mr. Lewis was entitled to no federal habeas corpus relief because the Kansas Court of Appeals identified the correct legal principles and did not unreasonably apply those principles in determining that trial counsel's performance was not so deficient that it fell below an objective standard of reasonableness in light of the appropriate professional standards based on the law and the facts available at the time of the trial of this case in 1997. As the appeals court pointed out, Kansas law regarding the admissibility of expert testimony on child interviewing techniques was not well settled at that time. Furthermore, the evidence produced at the hearing also reflected that Mr. Reed's failure to call an expert did not necessarily deviate from professional standards regarding whether utilizing that type of expert testimony was called for in 1997.

In Mr. Lewis's motion, he has failed to demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. He contends that the facts of the case are complex. The court disagrees. Whether counsel's performance fell below an objective standard of reasonableness is not a particularly complex issue, nor does it involve any novel issues of law. Mr. Lewis also suggests that the court failed to properly analyze the significance of the victim's recantation of her testimony because the court analyzed that issue separate from the ineffective assistance of counsel issue. He contends that the victim's recantation bolstered the need for the expert witness. Again, the court disagrees. The only manner in which the victim's recantation would bear on the ineffective assistance of counsel analysis is with respect to the issue of whether Mr. Lewis was

arguably prejudiced by counsel's failure to present the expert testimony. Because counsel's performance was not objectively unreasonable, however, the court did not reach the prejudice prong of the analysis and therefore the victim's recantation turned out to be immaterial to the court's resolution of the ineffective assistance of counsel claim. The court addressed the recantation issue in the context of a newly discovered evidence claim only out of an abundance of caution to ensure that the court evaluated any other potential legal significance of the recantation.

In his habeas petition, Mr Lewis also argued that trial counsel's performance was deficient because counsel failed to interview or present the testimony of certain eyewitnesses. Mr. Lewis's motion for a COA, however, does not reference this aspect of the court's January 25 memorandum and order at all. Thus, Mr. Lewis has certainly failed to demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) his petition should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a certificate of appealability (doc. 27) is denied.

**IT IS SO ORDERED** this 18th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge